PATRICK H. HICKS, ESQ., Bar # 004632
TIMOTHY W. ROEHRS, ESQ., Bar # 9668
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811
Email: phicks@littler.com
Email: troehrs@littler.com

Attorneys for Defendant
JRJ INVESTMENTS, INC. d/b/a AUTONATION VOLKSWAGEN
LAS VEGAS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CIHAT TEKCE, individually,<br><br>        Plaintiff,<br><br>vs.<br><br>JRJ INVESTMENTS, INC. d/b/a<br>AUTONATION VOLKSWAGEN LAS<br>VEGAS, a Nevada corporation,<br><br>        Defendant. | Case No. 2:17-cv-01449-JAD-VCF<br><br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff CIHAT TEKCE and Defendant JRJ INVESTMENTS, INC. d/b/a AUTONATION VOLKSWAGEN LAS VEGAS, by and through their undersigned counsel, hereby stipulate that in order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties agree as follows:

1.      Any party may designate as "confidential" (by stamping the relevant page or labeling the item or as otherwise set forth herein) any item, document or response to discovery, which that party considers in good faith to contain information involving: personal and confidential information of third-parties or non-parties; trade secrets; or sensitive and/or confidential business or financial information of the parties, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

2.     A party may designate documents, items, or information disclosed during a deposition, in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information.  Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 8 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.     All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party to whom the information is produced solely for the purpose of this case.

4.     Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a)     counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)     employees of such counsel;

(c)     any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d)     consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

shown or given any Confidential Information;

        (e)     any authors or recipients of the Confidential Information;

        (f)     the Court, Court personnel, and court reporters; and

        (g)     witnesses (other than persons described in paragraph 4(e)).  A witness shall sign the Exhibit A Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

        5.     Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

        6.     A party seeking to file a document with Confidential Information under seal must file a motion to seal that complies with the requirements of LR IA 10-5 and the directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

        7.     A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.  Any party may voluntarily disclose to others without restriction any information designated by that party as confidential, although a document may lose its confidential status if it is made public.

        8.     If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material.  The party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.  The party seeking the order has the burden of establishing that the document is entitled to protection.

        9.     Notwithstanding any challenge to the designation of material as Confidential Information, all documents or items shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3.

1    (a)    the party that claims that the material is Confidential Information withdraws

2    such designation in writing; or

3    (b)    the party that claims that the material is Confidential Information fails to

4    apply to the Court for an order designating the material confidential within the time period specified

5    above after receipt of a written challenge to such designation; or

6    (c)    the Court rules the material is not confidential.

7    10.    All provisions of this Order restricting the communication or use of Confidential

8    Information shall continue to be binding after the conclusion of this action, unless otherwise agreed

9    or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information,

10   other than that which is contained in pleadings, correspondence, and deposition transcripts, shall

11   either (a) return such documents or items no later than thirty (30) days after conclusion of this action

12   to counsel for the party who provided such information, or (b) destroy such documents within the

13   time period upon consent of the party who provided the information and certify in writing within

14   thirty (30) days that the documents have been destroyed.

15   11.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use

16   of documents at trial.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1    12.    Nothing herein shall be deemed to waive any applicable privilege or work product

2    protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

3    protected by privilege or work product protection.

4    Dated:  October  2, 2017                         Dated:  October 2, 2017

5    Respectfully submitted,                          Respectfully submitted,

6

7    /s/ Stephen G. Clough                            /s/ Timothy W. Roehrs
8    JOSEPH A. GUTIERREZ, ESQ.                        PATRICK H. HICKS, ESQ.
     STEPHEN G. CLOUGH, ESQ.                          TIMOTHY W. ROEHRS, ESQ.
9    MAIER GUTIERREZ & ASSOCIATES                     LITTLER MENDELSON, P.C.

10   Attorneys for Plaintiff                          Attorneys for Defendant
     CIHAT TEKCE                                      JRJ INVESTMENTS, INC. d/b/a AUTONATION
11                                                    VOLKSWAGEN LAS VEGAS

12                                                    **ORDER**

13                                                        **IT IS SO ORDERED.**

14                                                                    October 2
                                                         Dated: _____, 2017.
15

16

17

18                                                       _____
                                                         Cam Ferenbach
19   Firmwide:150270558.1 025300.2056                    United States Magistrate Judge

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

**EXHIBIT A**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order in *CIHAT TEKCE v. JRJ INVESTMENTS, INC. d/b/a AUTONATION VOLKSWAGEN LAS VEGAS*, Case No. 2:17-cv-01449-JAD-VCF. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED: _____        _____

Firmwide:150271268.1 025300.2056

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800